Yongmoon Kim, Esq.
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LUIS E. CASTILLO-LAZARINI, *on behalf of himself and those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>G.L.A. COLLECTION COMPANY, INCORPORATED;<br>MICHAEL LYNCH;<br>MARY ANN LYNCH;<br>and JOHN DOES 1 to 10,<br><br>Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Luis E. Castillo-Lazarini, by way of Class Action Complaint against Defendants G.L.A. Collection Company, Incorporated; Michael Lynch, and Mary Ann Lynch (and John Does 1 to 10) states:

### I.   NATURE OF THE ACTION

1. This class action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. As described more fully below, Defendants violated the FDCPA against Plaintiff and other New Jersey consumers by failing to identify the creditor as required under section 1692g and by falsely representing that the balance will increase "[d]ue to interest, late charges and other charges . . . ."

## II.   JURISDICTION AND VENUE

3. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.   PARTIES

5. Plaintiff Luis E. Castillo-Lazarini ("Plaintiff" or "Castillo-Lazarini") is a natural person residing in Essex County, New Jersey.

6. Defendant G.L.A. Collection Company, Incorporated ("G.L.A.") is a foreign corporation with its principal place of business located at 2630 Gleeson Lane, Louisville, Kentucky 40299.

7. Defendant Michael Lynch ("Mr. Lynch") is the president of G.L.A.

8. Defendant Mary Ann Lynch ("Ms. Lynch") is the Secretary and Treasurer of G.L.A.

9. The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

10. In this pleading, "Defendants" in the plural refers to all Defendants.

## IV.   FACTS

### A. Background

11. Defendants are not in the business of extending credit, selling goods or services to consumers.

12. Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

13. The principal purpose of Defendants is the collection of debts.

14. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

15. Furthermore, at all times relevant hereto, Mr. Lynch and Ms. Lynch, as a principal owner, officer, director, shareholder, and/or managing partner of G.L.A., personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by themselves and other employees of G.L.A. complained of herein.

16. Defendants have asserted that Plaintiff incurred or owed one or more financial obligation originating and which arose from one or more transaction which were primarily for the Plaintiff's personal, family, or household purposes. ("Debts" or "Accounts").

17. The Debts arose from one or more transactions which were primarily for the Plaintiff's personal, family, or household purposes.

18. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

19. Defendants contend that the Accounts were past-due and in default.

20. Defendants are debt collectors.

21. The Accounts were allegedly assigned to Defendants for collecting the Debts.

22. The Accounts were past-due and in default when it was placed with or assigned to Defendants for collection.

**B. Violations of the FDCPA**

23. In attempts to collect the Debts allegedly owed by Plaintiff, Defendants mailed collection letters to Plaintiff on February 4, 2019 ("G.L.A. Letters"). A true but redacted copy of the collection letters are attached as *Exhibit A*.

24. Upon information and belief, the G.L.A. Letters were the initial written communication from Defendants to Plaintiff concerning the Accounts.

25. Plaintiff received and reviewed the collection letters.

26. The G.L.A. Letters do not identify the name of the creditor to whom the debt is owed.

27. Instead, the G.L.A. Letters simply state "RE:     Nes Georgia Inc-Smc".

28. By failing to identify the current creditor of the Debts, the collection letters leave the least sophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate.

29. Defendants' failure to identify the creditor is false, deceptive, and misleading, which is in violation of the FDCPA.

30. Further, Defendants also failed to state the amount of the debt and falsely threatened interest, charges, and fees when the balance of the account would never increase due to interest, charges, and fees.

31. Defendants falsely stated "Due to interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater."

32. In fact, however, the balance of the Accounts could not increase and, even if it could increase, the creditor never intended to add, would not add, and did not add any lawful interest, or other fees and charges to increase the balance stated in the G.L.A. Letters.

33. Defendants failed to accurately state the amount of the Debts, and falsely, deceptively, and misleadingly represented to the least sophisticated consumer that the amount owed to the creditor would or could increase over time—indeed, that the amount owed had already changed by the time the collection letter was received days later.

34. Defendants' collection letters effect of leading a consumer to conclude that the amount due is not static but, instead, could increase, materially affects the decision of the least sophisticated consumer whether to pay the debt because, with limited resources and the inability to pay all debts, such a consumer would rationally pay a debt with a balance that was increasing due to interest before paying an otherwise identical debt with a static balance.

35. Therefore, the G.L.A. Letters deprived Plaintiff and other New Jersey consumers of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

36. Defendants engaged in unlawful practices in violation of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 169e(5), 1692e(10), 1692f, 1692g, 1692g(a)(1), and 1692g(a)(2).

37. Defendants used the same procedures that they employed in sending the G.L.A. Letters to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

## V.   CLASS ACTION ALLEGATIONS

38. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf

of himself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of classes initially defined as follows:

> **Class A**: All natural persons with an address in the State of New Jersey against whom, beginning February 3, 2019, through and including the final resolution of this case, G.L.A. Collection Company, Incorporated, sent one or more letter(s) in attempts to collect a debt which stated "The balance due as of the date of this letter is stated above. Due to interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater."
>
> **Class B**: All natural persons with addresses in the State of New Jersey to whom, beginning February 3, 2019, through and including the final resolution of this case, G.L.A. Collection Company, Incorporated sent one more letter(s) in attempts to collect a debt which stated "RE:    Nes Georgia Inc-Smc".

39. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the classes, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the collection letters.

40. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

41. The classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

42. There are questions of law and fact common to the members of the classes that predominate over questions affecting only individuals, including but not limited to:

    A. Whether Defendants are debt collectors under the FDCPA;

    B. Whether Defendants violated the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692g, 1692g(a)(1), and 1692g(a)(2); and

    C. Whether Plaintiff and the classes are entitled to damages.

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the classes and will foster economies of time, effort and expense.

44. The claims of the Plaintiff are typical of the claims of the members of the classes.

45. The questions of law and/or fact common to the members of the classes predominate over any questions affecting only individual members.

46. Plaintiff does not have interests antagonistic to those of the classes.

47. The classes, of which Plaintiff is a member, is readily identifiable.

48. Plaintiff will fairly and adequately protect the interests of the classes, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

49. The prosecution of separate actions by individual members of the classes would run the risk of inconsistent or varying adjudications, which would establish incompatible

standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

50. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI. VIOLATIONS OF THE FDCPA

51. Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

52. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

53. The Debts are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

54. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

55. Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

56. The collection letters are "communications" as defined by 15 U.S.C. § 1692a(2).

57. Defendants violated the FDCPA, including but not limited to, 15 U.S.C. § 1692e (including 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10)); 15 U.S.C. § 1692f; and 15 U.S.C. § 1692g (including 15 U.S.C. §§ 1692g(a)(1) and 1692g(a)(2)).

58. The violations of the FDCPA described herein constitute *per se* violations.

59. Based on any one or more of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

### VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Luis E. Castillo-Lazarini demands judgment against Defendants G.L.A. Collection Company, Incorporated; Michael Lynch; and Mary Ann Lynch as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the classes, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the Classes pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For actual damages in favor of Plaintiff and the Classes pursuant to 15 U.S.C. § 1692k(a)(1) to the extent the recovery of attorney's fees and costs causes Plaintiff or the Classes a negative tax consequence;

E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

## VIII.   JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.   CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff*

Dated: February 3, 2020